## 11335

### STATE v. GUNTER

#### (119 S. E., 844)

HOMICIDE—INSTRUCTIONS AS TO DEFENSE OF PROTECTING ONE'S CASTLE HELD CALCULATED TO PREJUDICE JURY.—An instruction that "if a man is lying up with a woman in a bawdy house, * * * can it be said that he is entitled to the protection of himself as he would be in a house where he lived with his family?" *held* calculated to prejudice the jury against defendant and to constitute reversible error.

Before MEMMINGER, J., Aiken, January, 1923. Reversed and remanded.

Dozier Gunter was convicted of assault and battery of a high and aggravated nature and he appeals.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *Man entitled to protect himself in home where he lived with woman to whom he had not been married:* 29 S. C., 152; 83 S. E., 86; 84 S. E., 587; 91 S. C., 316; 66 S. C., 18. *What is "Bawdy House":* Rap. & Law, Law Direct. 119. *Jury can find verdict for assault and battery where indictment is for assault and battery with intent to kill:* 98 S. C., 114. *Right of man in his own home:* 79 S. C., 148; 33 S. C., 125; 113 S. C., 256.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Charge must be considered as a whole:* 73 S. C., 364; 75 S. C., 409; 87 S. C., 532. *Additional charge should have been requested:* 83 S. C., 38; 83 S. C., 258.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The facts are sufficiently stated in the dissenting opinion of Mr. Justice Fraser. A majority of the Court are of opinion that the charge of the presiding Judge, in reference to the defense of protecting one's castle (although in an interrogative form), and to the relations of the defendant

with the woman in the case, was calculated to prejudice the jury against the defendant and constituted reversible error. It is not necessary so to decide in this case, but we are not prepared to hold that a man, under the circumstances stated, is deprived of the right of self-defense, unless, as in *State v. Emerson,* 78 S. C., 83; 58 S. E., 974, his presence there was reasonably calculated to provoke a difficulty with the deceased, who was charged with the duty of protecting the woman.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE FRASER (dissenting): The appellant was indicted for assault and battery, with intent to kill, upon one Herman Hancock. He was convicted of assault and battery of a high and aggravated nature.

The defendant had gone to bed and was asleep when he was waked up by a difficulty between Herman Hancock and a woman, Estelle Steedman, in an adjoining room. It is not clear from the evidence what was the right of the appellant in the room in which he was sleeping. The room was occupied at the time by a woman, Lennie Gunter, whom the appellant has since married, and their child. Whether the room was the room of Lennie and the appellant was staying with her, or the room was the room of the appellant and Lennie was staying with him, is not clear. Estelle Steedman drove Hancock out of her room and ordered him off the premises. Celas Hall also was present trying to get Hancock to go away. There is testimony that when Gunter joined in the demand, that Hancock should go away, Hancock resented it and threw a smoothing iron at Gunter and stooped and picked up a brick, and then Gunter shot Hancock.

His Honor said, in his charge to the jury, "If a man is lying up with a woman in a bawdy house, or something like that, can it be said that he is entitled to the protection of himself as he would be in a house where he lived and had his family?" The error alleged is that his Honor thereby charged that the house in which the appellant was staying was a bawdy house. This exception cannot be sustained. The statement was merely a question, and was more favorable than the appellant had the right to demand. The law of the castle applies to a place in which a man has the right to be, and does not apply to a place in which a man has a mere license, or worse still for the appellant, in a place in which a man has no right to be. If the room was the room of Gunter, then the presence of the woman may not have destroyed his right to defend his castle, but if the room was the room of Lennie, then Gunter was not lawfully there, and he had no right of castle. The question left it open for the jury to find from the evidence the right of Gunter. I see no error here.

II. The next error alleged is that his Honor charged that there was no room for a finding of simple assault and battery. When a man uses a deadly weapon, a shotgun, and shoots another in the back, there is no room for simple assault and battery. I see no error here.

The third exception has been covered.

III. The next assignment of error is that his Honor errer in charging the jury that before the plea of self-defense is available the defendant must use all available means of escape.

His Honor charged:

"In order to excuse a man from shooting another on the ground of self-defense, was it necessary for him to have done that shooting in order to save himself from serious bodily harm? Was there a necessity in his mind? Did he believe it was necessary to do it, and not only that he believed it, but that a man of ordinary reason and prudence

and firmness would have so believed that there was necessity to do the shooting under the alleged controversy—was it necessary to do that in order to save himself from serious bodily harm?"

That covered the ground. If a fuller charge was desired, it should have been requested.

The judgment should be affirmed.